**RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE**
**(WITH ARBITRATION PROVISION)**

8206

Stock#: 245769

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| XPERT TOWERS LLC<br>10 STREET ROAD<br>NEWTOWN SQUARE PA 19073 | N/A | PELLEGRINO CHEVROLET<br>1000 GATEWAY BLVD<br>WESTVILLE, NJ 08093 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| NEW | 2020 | CHEVROLET SILVERADO 2500 | 1GB4YLE75LF245769 | Personal, family, or household unless otherwise indicated below<br>☐ business<br>☐ agricultural  ☐ ___ N/A |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of |
|---|---|---|---|---|
| 4.69 % | $ 9850.80 | $ 55606.20 | $ 65457.00 | $ 7250.00 is<br>$ 72707.00 |

### Your Payment Schedule Will Be:

(e) means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 84 | $ 779.25 | Monthly beginning 09/03/2020 |
| N/A | $ N/A | N/A |

N/A

**Late Charge.** If payment is not received in full within __10__ days after it is due, you will pay a late charge of __5__ % of the part of the payment that is late. If the vehicle is primarily for personal, family, or household use and the cash price is $ __10,000__ or less, the charge for each late payment will be $ __10__.

**Prepayment.** If you pay early, you will not have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**
**Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

☐ If this box is checked, the following late charge applies to vehicles purchased primarily for business or agricultural use.
If a payment is not received in full within __N/A__ days after it is due, you will pay a late charge of $ __N/A__ or __N/A__ % of the part of the payment that is late, whichever is less.
If this box is not checked, the late charge in the "Federal Truth-In-Lending Disclosures" still applies.

## NO COOLING OFF PERIOD

**State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.**

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on page 4 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X _William Luceey Member_  Co-Buyer Signs X ___ N/A

Buyer Signs X _William Luceey Member_  Co-Buyer Signs X ___ N/A ___  76532*1*SC-FI  *LAW 553-NJ-ARB-eps 11/19 v1*  07/20/2020  11:02 am  Page 1 of 5

## ITEMIZATION OF AMOUNT FINANCED

1 Cash Price (including $ __3415.20__ sales tax)  $ __57504.20__ (1)

2 Total Downpayment =

Trade-In _____ __N/A__ _____
(Year)     (Make)          (Model)

| | | |
|---|---|---|
| Gross Trade-In Allowance | $ | N/A |
| Less Pay Off Made By Seller to __N/A__ | $ | N/A |
| Equals Net Trade In | $ | N/A |
| + Cash | $ | 5000.00 |
| + Other **REBATES** | $ | 2250.00 |
| + Other __N/A__ | $ | N/A |
| + Other __N/A__ | $ | N/A |

(If total downpayment is negative, enter "0" and see 4J below)  $ __7250.00__ (2)

3 Unpaid Balance of Cash Price (1 minus 2)  $ __50254.20__ (3)

4 Other Charges Including Amounts Paid to Others on Your Behalf

(Seller may keep part of these amounts):

A Cost of Optional Credit Insurance Paid to Insurance Company or Companies.
Life       $   N/A
Disability     $   N/A     $ __N/A__

B Other Optional Insurance Paid to Insurance Company or Companies  $ __N/A__

C Official Fees Paid to Government Agencies
to N/A       for N/A     $ __N/A__
to N/A       for N/A     $ __N/A__
to N/A       for N/A     $ __N/A__

D Optional Gap Contract  $ __874.00__

E Supplemental Title Fee  $ __N/A__

F Vehicle Tire Fee  $ __N/A__

G Government Taxes Not Included in Cash Price  $ __N/A__

H Government License and/or Registration Fees
   **MOTOR VEHICLE FEES**
   $ __388.50__

I Government Certificate of Title Fees  $ __N/A__

J Other Charges (Seller must identify who is paid and describe purpose)

| to | | for | | $ | |
|---|---|---|---|---|---|
| to N/A | | for Prior Credit or Lease Balance | | $ | 0.00 |
| to **PELLEGRINO CHEVROLET** | | for **DOC FEE** | | $ | 399.00 |
| to N/A | | for N/A | | $ | N/A |
| to N/A | | for N/A | | $ | N/A |
| to **ALLY** | | for **Service Contract** | | $ | 3682.00 |
| to N/A | | for N/A | | $ | N/A |
| to **PELLEGRINO CHEVROLET** | | for **ON LINE PROCESS FEE** | | $ | 8.50 |
| to N/A | | for N/A | | $ | N/A |
| to N/A | | for N/A | | $ | N/A |
| to N/A | | for N/A | | $ | N/A |

Total Other Charges and Amounts Paid to Others on Your Behalf  $ __5352.00__ (4)

5 Amount Financed (3 + 4)  $ __55606.20__ (5)

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before
__N/A__, Year __N/A__. SELLER'S INITIALS __N/A__

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term __N/A__ Mos.     **ALLY GAP**
Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X _~~signature~~_ Member

**Returned Check Charge:** You agree to pay a charge of $ __20__ if any check you give us is dishonored. If the Vehicle is primarily for personal, family, or household use and the cash price is greater than $10,000, or the Vehicle is for business or agricultural use, you also agree to pay a charge of $20 if any electronic payment is returned unpaid.

Buyer Signs X _~~signature~~_ Member  Co-Buyer Signs X __N/A__

---

Insurance. You may buy the physical damage insurance this contract requires from anyone you choose who is acceptable to us. You may also provide the physical damage insurance through an existing policy owned or controlled by you that is acceptable to us. You are not required to buy any other insurance to obtain credit.

**THIS DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE. WITHOUT SUCH INSURANCE, YOU MAY NOT OPERATE THIS VEHICLE ON PUBLIC HIGHWAYS.**

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

### Check the Insurance you want and sign below:
### Optional Credit Insurance

☐ Credit Life:  ☐ Buyer  ☐ Co-Buyer  ☐ Both
☐ Credit Disability:  ☐ Buyer  ☐ Co-Buyer  ☐ Both

Premium:
Credit Life $ __N/A__
Credit Disability $ __N/A__
Insurance Company Name __N/A__ __N/A__
Home Office Address __N/A__ __N/A__

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance pays the unpaid part of the amount financed if you die. This insurance pays only the amount you would owe if you paid all your payments on time. Credit disability insurance pays the scheduled payments due under this contract while you are disabled. This insurance does not cover any increase in your payment or in the number of payments. The policies or certificates issued by the named insurance companies may further limit the coverage that credit life or credit disability insurance provides. See the policies or certificates for coverage limits and other terms and conditions. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

### Other Optional Insurance

☐ __N/A__ __N/A__
Type of Insurance     Term
Premium $ __N/A__
Insurance Company Name __N/A__ __N/A__
Home Office Address __N/A__ __N/A__

☐ __N/A__ __N/A__
Type of Insurance     Term
Premium $ __N/A__
Insurance Company Name __N/A__
__N/A__
Home Office Address __N/A__ __N/A__

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.

X __N/A__     __N/A__
Buyer Signature     Date

X __N/A__     __N/A__
Co-Buyer Signature     Date

## 1. FINANCE CHARGE AND PAYMENTS

**a.    How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.

**b.    How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose as the law allows.

**c.    How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

**d.    You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

## 2. YOUR OTHER PROMISES TO US

**a.    If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

**b.    Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

**c.    Security Interest.**
You give us a security interest in:
- The vehicle and all parts or goods put on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service, or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

**d.    Insurance you must have on the vehicle.**
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as an additional insured and as loss payee. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest to the extent permitted by applicable law. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract or, at our option, the highest rate the law permits.

If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

**e.    What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund on insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

## 3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES

**a.    You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.

If you pay late, we may also take the steps described below.

**b.    You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
- You do not pay any payment on time;
- You give false, incomplete, or misleading information during credit application;
- You start a proceeding in bankruptcy or one is started against you or your property; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

**c.    You may have to pay collection costs.** If we hire an attorney who is not our salaried employee to collect what you owe, you will pay the attorney's reasonable fee and court costs the law permits. If the vehicle is primarily for personal, family, or household use and the cash price is $10,000 or less, the maximum attorney's fee you will pay will be $100 plus 10% of the excess over $500 of the amount due when we hire the attorney.

**d.    We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device (such as GPS), you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you. If you do not ask for these items back, we may dispose of them as the law allows.

**e.    How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.

**f.    We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.

We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

Buyer Signs X _____ *Member*    Co-Buyer Signs X _____ **N/A**

g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle as the law allows. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

## 4. WARRANTIES SELLER DISCLAIMS

**Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**

This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

**Servicing and Collection Contacts.**
You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

## 7. Applicable Law

Federal law and the law of the state of New Jersey apply to this contract.

---

**ARBITRATION PROVISION**
**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1. **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.**
2. **IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.**
3. **DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.**

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association (www.adr.org) or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

Member

Buyer Signs X _____ Co-Buyer Signs X _____ **N/A** _____

The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.

Case 86:14-20 Doc 12-1 Filed 04/15/20 Entered 04/15/06 12:14:39 Desc Contract Page 5 of 7

DEAL# 139361

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.   Buyer Signs **X** _William Quigly Member_  Co-Buyer Signs **X**   **N/A**

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

See the rest of this contract for other important agreements.

## NOTICE TO RETAIL BUYER

**Do not sign this contract in blank.**
**You are entitled to a copy of the contract at the time you sign.**
**Keep it to protect your legal rights.**

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read all pages of this contract, including the arbitration provision on page 4, before signing below. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs **X** _William Quigly Member_ Date **07/20/2020**   Co-Buyer Signs **X**   **N/A**   Date   **N/A**
Buyer Printed Name **XPERT TOWERS LLC**   Co-Buyer Printed Name **N/A**

If the "business" use box is checked in "Primary Use for Which Purchased": Print Name _____ Title _____

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here **X**   **N/A**   Address   **N/A**
Seller signs   **PELLEGRINO CHEVROLET**   Date **07/20/2020**   By **X** _____   Title **F&I Mgr**

Seller assigns its interest in this contract to   **GM FINANCIAL/AMERI CREDIT**   (Assignee) under the terms of Seller's agreement(s) with Assignee.
☐ Assigned with recourse   ☒ Assigned without recourse   ☐ Assigned with limited recourse
Seller   **PELLEGRINO CHEVROLET**
By **X** _____   Title   **F&I Mgr**

**ILAW** FORM NO. **553-NJ-ARB-eps** (REV. 11/19)
©2019 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR
FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

76532*1*SC-FI
07/20/2020   11:02 am
LAW 553-NJ-ARB-eps 11/19 v1   Page 5 of 5

# Commercial Addendum to Retail Installment Contract

Contract Date: __7·20·20__

| Buyer Name and Address | Co-Buyer Name and Address | Seller Name and Address |
|---|---|---|
| XPERT Towers LLC<br>10 Street Road<br>County: New Town PA 19073 | County: | Pellegrino Chevrolet<br>1000 Eatery Blvd<br>Weghill NJ 08093 |

This Commercial Addendum to Retail Installment Contract ("Addendum") is entered into between Buyer and Co-Buyer (hereinafter collectively referred to as "Buyer") and Seller, each as named above, as of the Contract Date set forth above, and is a part of that certain vehicle sale contract ("Contract") between Buyer and Seller dated as of the Contract Date, notwithstanding any reference in the Contract to the terms of the Contract being the "entire agreement" of the parties. The terms of this Addendum are incorporated in the Contract as if set forth in full in the Contract itself.

The following terms of the Contract are hereby added:

1. **Additional Security for Commercial Contracts.** To further secure the performance of Buyer's obligations to Seller hereunder, under any other contract, lease or agreement, or otherwise, Buyer hereby grants to Seller a security interest in: (a) each and every vehicle purchased by Buyer and financed by Seller ("Financed Vehicles"); (b) each and every vehicle leased by Seller to Buyer ("Leased Vehicles"), to the full extent of Buyer's interest therein; (c) all accessions, attachments, replacements, substitutions and additions to the Financed Vehicles and Leased Vehicles; (d) all leases, lease payments, rental agreements, rentals, chattel paper and rights relating to the Financed Vehicles and Leased Vehicles; and (e) all proceeds derived from the Financed Vehicles and Leased Vehicles, including, but not limited to, insurance proceeds and refunds of insurance premiums. A default by Buyer under any contract, lease or agreement between Buyer and Seller shall be a default under all contracts, leases and agreements between Buyer and Seller. Upon such default, Seller may exercise all of its rights and remedies under all contracts, leases and agreements between Buyer and Seller.

2. **Purpose.** Notwithstanding anything in the Contract to the contrary, the vehicle described in the Contract is being purchased primarily for commercial or business use.

3. **OFAC Certification.** Buyer and Co-Buyer certify to Seller that neither they nor any person or entity holding any interest in them nor any of their respective officers or managers nor any guarantor of their respective obligations is a party with whom Seller is prohibited from doing business pursuant to the regulations of the Office of Foreign Assets Control or any other law or regulation. If the foregoing certification is or becomes untrue, in whole or in part, at any time, Buyer and Co-Buyer jointly and severally agree to indemnify Seller for any claim, damage, loss, liability or expense Seller suffers by reason of the untruthfulness of the foregoing certification.

4. **Arbitration Provision. PLEASE READ CAREFULLY.** This Arbitration Provision sets forth the procedure for resolving disputes arising out of or relating to the Contract and any related transaction or relationship. By agreeing to this Arbitration Provision:

   - EITHER BUYER OR SELLER MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN THEM DECIDED BY ARBITRATION, AND NOT IN COURT OR BY JURY TRIAL.
   - BUYER GIVES UP ANY RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER IN ANY CLASS CLAIM (INCLUDING CLASS ARBITRATION) AGAINST SELLER BY ENTERING INTO ARBITRATION,
   - DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN A LAWSUIT IN COURT, AND OTHER RIGHTS THAT BUYER WOULD HAVE IN COURT MAY NOT BE AVAILABLE

   At the election of any party to the Contract, any claim, dispute or controversy ("Claim") by either party against the other, or against the employees, agents, successors or assigns of the other, arising from or relating in any way to the Contract or any document, transaction or relationship relating thereto or the purchase or condition of the vehicle described in the Contract (whether under a statute, in contract, tort, or otherwise and whether for money damages, penalties or declaratory or equitable relief), including but not limited to Claims regarding the applicability and interpretation of this Arbitration Provision or the validity and interpretation of the Contract, shall be resolved by neutral, binding arbitration and not by court action. The term "claim" shall have the broadest possible interpretation. No Claim submitted to arbitration may be brought as a class action or as a "private attorney general" action. Buyer waives the  right to act as a class representative or participate as a member of a class of claimants with respect to any Claim.

   The arbitration shall be conducted on an individual basis by the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York 10019 (www.adr.org) or such other arbitration organization as Buyer and Seller may mutually agree to, under the rules in effect at the time the Claim is filed; provided, however, that this Arbitration Provision shall control in the event of any conflict with the rules of the chosen arbitration organization. The arbitration hearing shall be conducted in the federal district in which Buyer's billing address at the time the Claim is filed is located, unless Buyer and Seller mutually agree otherwise. The arbitrator shall be either a retired judge or an attorney selected under the applicable rules of arbitration. This Arbitration Provision and all arbitration conducted under it shall be governed by the Federal Arbitration Act, 9 U.S.C. § 1 et. seq., and not by state law. Any award granted shall be accompanied by a written opinion of the arbitrator and shall be final and binding on all parties, subject only to any right of appeal under the Federal Arbitration Act. Judgment upon any arbitration award may be entered in any court having jurisdiction.

   At Buyer's written request, Seller will advance any arbitration filing fee or administrative and hearing fees which Buyer is required to pay to pursue a Claim in arbitration, up to a maximum of $5,000. The arbitrator will decide who will be ultimately responsible

After signing, attach this Addendum to the Contract. Attach a copy to the Buyer's copy of the Contract. For use in all states.

Form 508 – Commercial Addendum to Retail Installment Contract

(Rev. 07/18)

for paying those fees, and as a result Buyer may be required to partially or fully reimburse Seller. Each party shall be solely responsible for the fees of its own attorneys and experts, as well as any other fees and costs.

This Arbitration Provision applies to all Claims now in existence or that may arise in the future, and shall survive any termination, payoff, assignment or transfer of the Contract, the bankruptcy of Buyer or Seller, or the institution of legal proceedings by either party against the other. Buyer and Seller each reserve the right to pursue remedies in small claims court that fall within the court's jurisdiction, to use self-help remedies such as repossession, and to file an action to recover the vehicle described in the Contract, to recover amounts owed under the Contract, or for individual injunctive relief, all without waiving the right to arbitrate. The decision of either party to waive arbitration with respect to a Claim shall not have the effect of waiving the right to elect arbitration for any other Claim.

If any part of this Arbitration Provision is found to be unenforceable for any reason, then the unaffected parts of this Arbitration Provision will remain in full force and effect; provided, however, that the entirety of this Arbitration Provision shall be deemed unenforceable if Buyer's waiver of its rights to class action is found to be unenforceable. To the extent that terms regarding arbitration are present in the Contract and conflict with this Arbitration Provision, the terms in the Contract shall govern.

As modified by this Addendum, all the terms and conditions of the Contract remain in full force and effect. This Addendum, together with the Contract, represents the entire agreement between the parties and supersedes any prior understandings or agreements, written or verbal, between the parties.

| BUYER XPERT TOWERS LLC | DATE 7·20·20 | CO-BUYER (PRINT NAME) | DATE |
|---|---|---|---|
| BY (SIGNATURE) | | SIGNATURE | |
| SIGNER PRINTED NAME William Esworthy | SIGNER TITLE Member | | |
| SELLER PELLEGRINO CHEVROLET | DATE 7.20.20 | BY (SIGNATURE) | |
| SIGNER PRINTED NAME Jack Herron | | SIGNER TITLE Salesman | |

Guaranty. The guarantor shown below (the "Guarantor") hereby jointly, severally and unconditionally guarantees payment of Buyer and Co-Buyer's obligations to Seller hereunder, under any other contract, lease or agreement, or otherwise, and all extensions, substitutions and refinancing thereof. If Buyer fails to pay, Guarantor will pay the total amount owing even if there are other guarantors, and even if Buyer has a complete defense to Guarantor's demand for reimbursement. Guarantor will pay Seller even if Seller does one or more of the following: (1) gives Buyer more time to pay; (2) modifies Buyer's obligations; (3) gives a full or partial release to any other guarantor; (4) releases any security; (5) accepts less from Buyer than the total amount owing; or (6) otherwise reaches a settlement relating to Buyer's obligations. Guarantor waives notice of: acceptance of this Guaranty; Buyer's non-payment, non-performance and/or default; the amount owing at any time; and any demands upon Buyer. Guarantor waives any right to require Seller to first exhaust its remedies against Buyer or Co-Buyer, the security, or any other guarantor before collecting under this Guaranty. Guarantor will pay the attorney's fees, court costs and disbursements Seller incurs in enforcing the Contract or this Guaranty.

| | | ENTITY GUARANTOR LEGAL NAME | | DATE |
|---|---|---|---|---|
| INDIVIDUAL GUARANTOR SIGNATURE | DATE 7-20-20 | BY (SIGNATURE) | | |
| INDIVIDUAL GUARANTOR PRINTED NAME William Esworthy | | SIGNER NAME | TITLE | |
| GUARANTOR ADDRESS 10 Street Rd | | GUARANTOR ADDRESS | | |
| CITY Newtown Sq | STATE PA | ZIP 19073 | CITY | STATE | ZIP |

After signing, attach this Addendum to the Contract. Attach a copy to the Buyer's copy of the Contract. For use in all states.

Form 508 - Commercial Addendum to Retail Installment Contract                                                                 (Rev. 07/18)